# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARDY D. CHADWICK, CDC #T-13047,<br><br>               Plaintiff,<br><br>vs.<br><br>JEFF REICHERT,<br><br>               Defendant. | Civil No.   06-2075 JM (AJB)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) [Doc. No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

Plaintiff, currently incarcerated at the California Rehabilitation Center ("CRC") in Norco, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims his attorney, Jeff Reichert, an alternate public defender, "lied" to him and "did nothing" to adequately represent him during state superior court criminal proceedings in July 2005. (*See* Compl. at 1-4.) Plaintiff seeks $80,000 in compensatory and $40,000 in punitive damages for "be[ing] in prison for doing no kind of crime." (*Id.* at 7.)

/ / /

/ / /

Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

**I.     Motion to Proceed IFP**

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2). However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.* The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim." *Andrews*, 398 F.3d at 1116 n.1. Thus, once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other action IFP in federal court unless he is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).[1]

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, *Andrews*, 398 F.3d at 1119, "[i]n some instances, the district court docket

---

[1] The Ninth Circuit has held that section 1915(g) does not violate a prisoner's right to access to the courts, due process or equal protection; nor does it violate separation of powers principles or operate as an ex post facto law. *Rodriguez v. Cook*, 169 F.3d 1176, 1179-82 (9th Cir. 1999); *see also Andrews*, 398 F.3d at 1123 (noting constitutionality of § 1915(g), but recognizing that "serious constitutional concerns would arise if § 1915(g) were applied to preclude those prisoners who had filed actions who were not 'frivolous, malicious, or fail[ing] to state a claim' from proceeding IFP.").

records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." *Id.* at 1121.[2] The Seventh Circuit likewise requires the district court to cite the specific case names, numbers, districts and dates of dismissal for each civil action it has determined to be a "strike" or "prior occasion." *Id.* at 1120 (citing *Evans v. Illinois Dep't of Corrections*, 150 F.3d 810, 811-12 (7th Cir. 1998)).

The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" *Id.* at 1121 (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). *Andrews* further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an arguable basis in either law or in fact .... [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews*, 398 F.3d at 1121 (quotation and citation omitted).

/ / /

---

[2] For example, in *Andrews*, the Ninth Circuit specifically found that neither the "dismissal of an appeal for lack of jurisdiction," nor "dismissals of actions brought while the plaintiff was in the custody of the INS" count as strikes under § 1915(g). *Andrews*, 398 F.3d at 1121-22. Nor do dismissed habeas petitions, unless the court makes a determination that the dismissed habeas petition was "little more than a 42 U.S.C. § 1983 action[] mislabeled as [a] habeas petition so as to avoid the penalties imposed by 28 U.S.C. § 1915(g)." *Id.* at 1122 (citing *Naddi v. Hill*, 106 F.3d 275, 277 (9th Cir. 1997) & n.12. Therefore, where the court's docket of previous cases does *not* reflect the basis for dismissal, the burden shifts to the defendants to "produce court records or other documentation that will allow the district court to determine that a prior case was dismissed because it was 'frivolous, malicious or fail[ed] to state a claim.'" *Andrews*, 398 F.3d at 1120 (citing 28 U.S.C. § 1915(g)). "Once the defendants have met this initial burden, the burden then shifts to the prisoner, who must attempt to rebut the defendants' showing by explaining why a prior dismissal should not count as a strike." *Id.*

**II.     Application of 28 U.S.C. § 1915(g)**

The Court notes as an initial matter that Plaintiff has alleged no facts to show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Rodriguez*, 169 F.3d at 1178; *see also Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (finding that "allegations that the prisoner faced imminent danger in the past" are insufficient to trigger section 1915(g)'s imminent and serious physical injury exception). Thus, regardless of Plaintiff's financial status, he may not proceed IFP pursuant to 28 U.S.C. § 1915 if he has, on three prior occasions while incarcerated, had federal civil actions or appeals dismissed as frivolous or malicious or for failing to state a claim. *See* 28 U.S.C. § 1915(g); *Andrews*, 398 F.3d at 1119-20; *Rodriguez*, 169 F.3d at 1178.

A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Here, the Court takes judicial notice that Plaintiff has had three prior prisoner civil actions dismissed in the Southern District of California on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. *See Chadwick v. San Diego Police Dep't,* S.D. Cal. Civil Case No. 01-1343 W (JAH) (Oct. 3, 2001 Order Dismissing action without prejudice for failing to pay filing fees and/or Move to Proceed IFP and sua sponte Dismissing Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A(b) [Doc. No. 2]) (strike one); *Chadwick v. State of California*, S.D. Cal. Civil Case No. 01-1512 JM (JAH) (Nov. 13, 2001 Order Dismissing action without prejudice for failing to pay filing fees and/or Move to Proceed IFP and sua sponte Dismissing Complaint as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) [Doc. No. 2]) (strike two); and *Chadwick v. California Dep't of Corrections*, S.D. Cal. Civil Case No. 04-2327 IEG (POR) (Feb. 14, 2005 Order Granting IFP and sua sponte Dismissing Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) & 1915A(b) [Doc No. 3]) (strike three).[3]

---

[3] The Court further notes that Plaintiff was specifically warned in *Chadwick v. California Dep't of Corrections*, S.D. Cal. Civil Case No. 04-2327 IEG (POR), that he had already accumulated two "strikes" under 28 U.S.C. § 1915(g). *See* Feb. 14, 2005 Order at 6 n.3.

Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes" pursuant to § 1915(g), and does not presently allege facts sufficient to show that he is under imminent danger of serious physical injury, the Court **DENIES** Plaintiff's Motion to Proceed IFP [Doc. No. 2]. *See Andrews*, 398 F.3d at 1121; *Rodriguez*, 167 F.3d at 1178.

**III.    Sua Sponte Screening per 28 U.S.C. § 1915A(b)**

The Court further finds that even if Plaintiff's current Complaint were not subject to 28 U.S.C. § 1915(g)'s "three strikes" provision, it would nevertheless remain subject to sua sponte dismissal under 28 U.S.C. § 1915A. This provision of the PLRA requires the Court to sua sponte screen and dismiss complaints filed by prisoners seeking redress from a governmental entity, or officer or employee of a governmental entity, if it finds that the complaint, or any portion of it, is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

As currently pleaded, it is clear that Plaintiff's Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

First, Plaintiff's Complaint fails to allege any act on the part of his attorney, Jeff Reichert, which was taken "under color of state law." *See* 42 U.S.C. § 1983. A person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Public defenders, appointed to represent a criminal defendant during trial, or on appeal, do not generally act under color of state law because representing a client "is essentially a private function ... for which state office and authority are

not needed." *Polk County*, 454 U.S. at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992). Thus, when publicly appointed defenders are performing as advocates, *i.e.*, meeting with clients, investigating possible defenses, presenting evidence at trial and arguing to the jury, they do not act under color of state law for section 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County*, 454 U.S. at 320-25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under § 1983 because, so long as she performs a traditional role of an attorney for a client, "h[er] function," no matter how ineffective, is "to represent h[er] client, not the interests of the state or county.").

Accordingly, Plaintiff's ineffective assistance of counsel claims must be dismissed for failing to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § 1915A(b); *Resnick*, 213 F.3d at 446.

Moreover, to the extent Plaintiff seeks damages under 42 U.S.C. § 1983 based on the alleged ineffective assistance of his counsel, his claim amounts to an attack on the validity of his underlying criminal conviction, and as such, is not cognizable under 42 U.S.C. § 1983 unless and until he can show that conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003) ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983....'") (quoting *Heck*, 512 U.S. at 489), *cert. denied*, 124 S. Ct. 2388 (2004).

*Heck* holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. A claim challenging the legality of a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

///

In *Heck*, the Supreme Court held that:

> when a state prisoner seeks damages in a section 1983 suit, the district court must consider *whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence*; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487 (emphasis added). An action that is barred by *Heck* should be dismissed for failure to state a claim without prejudice to Plaintiff's right to file a new action if he succeeds in invalidating his conviction. *Edwards*, 520 U.S. at 649; *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).

Here, Plaintiff's ineffective assistance of counsel claims "necessarily imply the invalidity" of his conviction and continuing incarceration. *Heck*, 512 U.S. at 487. Were Plaintiff to succeed in showing that Reichert rendered ineffective assistance of counsel, an award of damages would "necessarily imply the invalidity" of his conviction. *Id.*; *see also Strickland v. Washington*, 466 U.S. 668, 688 (1984) (to succeed on ineffective assistance claim petitioner must show that counsel's performance fell below objective standard of reasonableness and that but for counsel's errors the result of the trial would have been different); *Lozada v. Deeds*, 964 F.2d 956, 958-59 (9th Cir. 1992) (remedy for ineffective assistance of counsel is a conditional writ granting petitioner's release unless state retries him or allows him to pursue an appeal with the assistance of counsel within a reasonable time).

Thus, because Plaintiff seeks damages for an allegedly unconstitutional conviction in a San Diego Superior Court criminal case, and because he has not alleged that his conviction has already been invalidated, a section 1983 claim for damages has not yet accrued. *See Heck*, 512 U.S. at 489-90. Therefore, this action must also be sua sponte dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915A(b). *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (noting that an action barred by *Heck* should be dismissed for failure to state a claim without prejudice).

///

## IV. Conclusion and Order

For the reasons set forth above, the Court hereby **DENIES** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(g) [Doc. No. 2] and **DISMISSES** the case without prejudice for failure to prepay the full $350 civil filing fee required by 28 U.S.C. § 1914(a), and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: November 28, 2006

　　　　　　　　　　　　　　　　　　　　　　
Hon. Jeffrey T. Miller
United States District Judge